UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRITTNEY CICOTTE,

    Plaintiff,

v.

ROCHA CORPORATION, D/B/A GUYS & DOLLS HAIR SALON,
a Florida corporation and JONATHAN TUNIS, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, BRITTNEY CICOTTE, (herein referred to as "Plaintiff" and/or "CICOTTE"), was employed by Defendants, ROCHA CORPORATION (hereinafter referred to as "ROCHA"), Florida Profit Corporation, and JONATHAN TUNIS (hereinafter, "TUNIS" and collectively, "Defendants") as a Hairstylist. She brings this Action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and other state laws.

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and for unpaid wages under Florida common law.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's

claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. CICOTTE is a resident of Broward County, Florida. During all times relevant to this Complaint, CICOTTE was employed by Defendants as a Hairstylist but performed general duties for Defendants such as running errands and inventory that had nothing to do with hairstyling services. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA. To wit: CICOTTE was a hairstylist and worked with products that were transported across state lines.

6. Defendant ROCHA is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Fort Lauderdale, Broward County, Florida. ROCHA has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Specifically, ROCHA is a hair salon and its employees, including CICOTTE, regularly handled goods which were transported across state lines.

8. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

9. ROCHA upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. ROCHA is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

10. Defendant TUNIS, who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant ROCHA.

11. Defendant TUNIS acted and acts directly in the interests of ROCHA in relation to its employees. TUNIS had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of ROCHA. Thus TUNIS was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

12. Plaintiff was non-exempt employees of Defendants and are subject to the payroll practices and procedures set forth hereinafter.

13. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

14. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that CICOTTE performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

15. CICOTTE started working for Defendants on June 1, 2021 and was terminated on or about July 14, 2021. During her employment CICOTTE regularly worked approximately fifty (50) hours per week.

16. Defendants also improperly reduced CICOTTE's wages on two occasions during her short employment with Defendants.

17. The Defendants and their representatives knew that CICOTTE was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18. The Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

19. In the course of employment with Defendants, CICOTTE worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

20. CICOTTE averaged approximately 50 work hours per week during the relevant time frame of June 1, 2021 through July 14, 2021.

21. Defendants willfully failed to record all time worked by CICOTTE and willfully misclassified CICOTTE as an independent contractor and exempt from overtime.

22. The records, if any, concerning the number of hours actually worked by Plaintiff are in the possession, custody, and control of Defendants.

23. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this Action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME
### (*AGAINST ALL DEFENDANTS*)

25. Plaintiff re-alleges and re-avers paragraphs 1–24 as fully set forth herein.

26. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment

in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

27. Specifically, CICOTTE worked an average of fifty (50) hours during each work week in which she was employed, but was not compensated at one and one half times her regular rate.

28. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she were neither bona fide executive, administrative, or professional employees.

29. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

30. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

31. Defendants knew Plaintiff was not exempt from overtime but refused to pay her at a rate of time and one-half her regular rate.

32. CICOTTE was also misclassified as an independent contract and issued a form 1099 for at least some of her employment.

33. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

34. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff BRITTNEY CICOTTE demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## COUNT TWO – UNPAID WAGES
### (AGAINST ALL DEFENDANTS)

35. Plaintiff re-alleges and re-avers paragraphs 1–24, as fully set forth herein.

36. Plaintiff and Defendants entered into a compensation agreement whereby Plaintiff was to perform services as a hairstylist in exchange for payment from Defendants.

37. Pursuant to the terms of the agreement, Defendants agreed to pay Plaintiff a 20% commission on all hair services she provided for Defendants.

38. Defendants knew that Plaintiff performed keratin treatments on two different clients for its benefit, but intentionally refused to compensate her accordingly. Instead, Defendants improperly reduced Plaintiff's commissions by $175.00 and $87.00 respectively.

39. Plaintiff reasonably estimates that she is owed $262.00 for the two keratin treatment services she performed for the benefit of Defendants.

40. Further, CICOTTE is also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff BRITTNEY CICOTTE requests judgment against Defendants as follows:

    a)    Unpaid wages in the amount of at least $262.00;

    b)    Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

    c)    Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

    d)    Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff BRITTNEY CICOTTE and others similarly situated hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: December 16, 2021.

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

By:    /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        Shanna Wall, Esq.
        Fla. Bar #0051672
        shanna@icelawfirm.com